## (May 30, 1972)

■ KENNETH CLARKE, as Father and Natural Guardian of GLENN CLARKE, an Infant, et al., Appellants, v. CITY OF NEW YORK et al., Respondents.— Judgment of the Supreme Court, Kings County, entered November 23, 1970, affirmed, without costs. In our opinion, plaintiffs failed to prove actionable negligence on the part of defendants (*Lawes v. Board of Educ. of City of N. Y.*, 16 N Y 2d 302). Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Brennan, JJ., concur.

■ IDA COMERCHERO, Respondent, v. MORRIS COMERCHERO, Appellant.— In an action in which a judgment of divorce of the Supreme Court, Kings County, was entered July 21, 1960 in favor of the plaintiff wife, defendant husband appeals, as limited by his notices of appeal and his brief, (1) from so much of an order of said court, dated September 9, 1971, as, after denying plaintiff's application to punish defendant for contempt of court for failure to pay arrears of alimony, (a) modified the judgment so as to provide for alimony for plaintiff of $30 per week commencing August 2, 1971, $5 of which shall be applied to the arrears which amounted to $14,680 as of May 24, 1971, and (b) upon defendant's cross motion for relief with respect to limiting his support of the parties' children, directed defendant to pay $20 a week for support of the child Ronald until he becomes 21 years of age; and (2) from so much of a further order of said court, dated November 16, 1971, as, upon reargument of plaintiff's said motion, adhered to the original determination with respect to alimony and child support. Appeal from order dated September 9, 1971 dismissed as academic without costs. That order was superseded by the order dated November 16, 1971. Order dated November 16, 1971 modified, on the law and the facts, by adding thereto, immediately after the provision that "the Court adheres to its original determination", the following: "except that so much of the original determination as directed that of the $30 per week alimony awarded therein the sum of $5 per week shall be applied to arrears is stricken." As so modified, order affirmed insofar as appealed from, without costs. In our opinion, in view of the lapse of time prior to plaintiff's attempt to punish defendant for contempt for his failure to pay alimony, it was an abuse of discretion for Special Term to have provided for payment of the arrears. We also feel that, under the circumstances of this case, the award of alimony should be set at $30 per week. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Brennan, JJ., concur.